UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THERESA GIACHETTO,

                              **MEMORANDUM OF**
                              **DECISION AND ORDER**

        Plaintiff,

                              15-CV-3152 (LDH) (ARL)

  -against-

PATCHOGUE-MEDFORD UNION FREE SCHOOL
DISTRICT,

        Defendant.
-------------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

        Plaintiff Theresa Giachetto asserts a claim pursuant to 42 U.S.C. § 1983 against her employer, Patchogue-Medford Union Free School District ("Defendant" or "School District"), alleging that she was retaliated against for exercising her First Amendment rights to free speech and to petition the government for redress. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim.

## BACKGROUND

        Plaintiff is an elementary school teacher who has been employed by the School District since September 1996. (Am. Compl. ¶ 1, ECF No. 10.) In 2011, Plaintiff commenced a prior action in this District, titled *Giachetto v. Patchogue-Medford Union Free School District*, No. 11-cv-6323 (the "Prior Action"), in which she alleged that Defendant engaged in discriminatory practices against her because of her disability. In the Prior Action, Plaintiff brought claims against Defendant pursuant to the Americans with Disabilities Act, the New York State Human Rights Law, and New York Executive Law. (*See* Am. Compl. ¶ 1, *Giachetto v. Patchogue-Medford Union Free Sch. Dist.*, No. 11-cv-6323 (E.D.N.Y. Aug. 21, 2012), ECF No. 15 ("Prior

1

Amended Complaint" or "Prior Am. Compl.").)[1]  Plaintiff alleged that she had been diagnosed with adult Attention Deficit Hyperactivity Disorder ("ADHD") in 2010.  (*Id.* ¶¶ 11-13.)  Plaintiff further alleged that the School District and its employees denied her the ADHD-related accommodations they had previously agreed to provide her, and instead harassed and retaliated against her after she filed complaints with the New York State Division of Human Rights and the Equal Employment Opportunity Commission.  (*Id.* ¶¶ 4, 18, 21, 27, 56-57.)  In 2013, the Prior Action was dismissed with prejudice.  (*See* Order, *Giachetto v. Patchogue-Medford Union Free Sch. Dist.*, No. 11-cv-6323 (E.D.N.Y. Aug. 30, 2013), ECF No. 58.)

Plaintiff filed the instant action on May 29, 2015.  (*See* Am. Compl.)  In this case, Plaintiff alleges that following the dismissal of the Prior Action, Defendant retaliated against her for exercising her First Amendment right to free speech and to petition the government for redress.[2]  (*Id.* ¶¶ 1, 3, 6, 13.)  Plaintiff maintains that she was "an outspoken critic of the District's pattern of discrimination" and that she filed the Prior Action to seek redress for that discrimination.  (*Id.* ¶ 1, *see also id.* ¶¶ 23, 31.)

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Because Plaintiff's claims are premised upon her allegation that Defendant retaliated against her for filing the Prior Action in 2011, the Court finds it appropriate to consider the earlier filed complaint in deciding the motion to dismiss.  *See Pesserillo v. Nat'l Grid*, 78 F. Supp. 3d 551, 554-55 (E.D.N.Y. 2015) (considering content of agreement which, although not referenced in the complaint, was "integral to [plaintiff's] ability to pursue" his claims); *Robinson v. Bloomberg*, No. 12-cv-2178, 2012 WL 1828068, at *1 (E.D.N.Y. May 18, 2012) (taking judicial notice of facts relating to plaintiff's previously filed complaint where plaintiff "allege[d] First Amendment retaliation in connection" with the prior suit).

[2] Plaintiff's Amended Complaint also alleged a claim of conspiracy to violate her constitutional rights, pursuant to 42 U.S.C. § 1985.  (*See* Am. Compl. ¶¶ 13, 31.)  In her memorandum of law in opposition to Defendant's motion to dismiss, Plaintiff has withdrawn that claim. (*See* Pl. Opp'n. 1 n.1, ECF No. 20.)

2

662, 678 (2009). A court deciding whether to grant a motion to dismiss must "draw all reasonable inferences in [the plaintiff's] favor, assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)) (citation omitted). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Further, a court is not obligated to accept a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber*, 648 F.3d at 104 (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)).

## DISCUSSION

### I. Plaintiff's First Amendment Retaliation Claim

To plead a First Amendment retaliation claim under the Free Speech Clause, a plaintiff must allege, among other things, that her speech was protected by the First Amendment. *See Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015). To determine whether the relevant speech is protected, a court must establish "whether the employee spoke as a citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006) (citing *Pickering v. Bd. of Educ. of Township High Sch. Dist. 205*, 391 U.S. 563, 568 (1968)). That is, only speech that touches upon a matter of public concern is afforded protection under the First Amendment. *Garcetti*, 547 U.S. at 417 ("[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern.") (citations omitted). Speech touches upon a matter of public concern when it relates to a matter of political, social or other concern to the community. *Connick v. Myers*, 461 U.S. 138, 146 (1983) (explaining that if

3

plaintiff's speech did not touch upon matter of public concern, it was "unnecessary for [the court] to scrutinize the reasons for her discharge"); *see also Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008) (finding employee's speech not protected because "[i]t did not seek to advance a public purpose").

Here, Plaintiff alleges that she was an "outspoken critic" and "an advocate against the [School District's] past practices of discrimination." (Am. Compl. ¶¶ 1, 21.) However, Plaintiff's vague allegations do not provide the Court with any basis to find that Plaintiff was speaking on a matter of public concern. The Amended Complaint references only an unspecified utterance, when Plaintiff alleges she was "accused of and ordered to refrain from speaking out against the [School District] to community members" at a Teacher Improvement Plan meeting. (*Id.* ¶ 20.) Plaintiff fails to identify what the exact utterance was, or how this utterance, or any other alleged instance of speech, involved matters of public concern. Moreover, by Plaintiff's own admission, this event occurred outside the period of time relevant to the current action. (*Id.* ¶ 5.) As such, there is no basis for the Court to find Plaintiff's speech was protected. *See Garcetti*, 547 U.S. at 418 (explaining that if employee did not speak as a citizen on a matter of public concern, then "employee has no First Amendment cause of action based on his or her employer's reaction to the speech") (citing *Connick*, 461 U.S. at 147).

The First Amendment's Petition Clause establishes an individual's right to "to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011). Here, Plaintiff's claim based on an alleged violation of the Petition Clause is premised on the filing of the Prior Action. (Am. Compl. ¶¶ 13, 23.) However, like her claim under the Free Speech Clause, Plaintiff's claim that she was retaliated against for "petition[ing] the courts to redress the [School District's] ongoing

pattern of discrimination" is flawed. (*Id.* ¶ 23.) The Supreme Court has recognized that "the right to speak and the right to petition are 'cognate rights'" and claims brought pursuant to the Petition Clause should similarly be subjected to the "public concern" test. *Guarnieri*, 564 U.S. at 388, 392-93 (quoting *Thomas v. Collins*, 323 U.S. 516, 530 (1945)). The "[a]doption of a different rule for Petition Clause claims would provide a ready means for public employees to circumvent the test's protections." *Id.* at 393.

All of the factual allegations contained in the Prior Amended Complaint relate to Plaintiff's claim that the Defendant refused to provide her with accommodations for her ADHD and continually discriminated against her because of her disability. (*See e.g.*, Prior Am. Compl. ¶¶ 55-57.) Plaintiff further alleged, in detail, the instances where she was treated differently than Defendant's employees who did not have a disability. (*See id.* ¶¶ 56-57.) Each of these complaints relates to Plaintiff's personal conditions of employment. *See Sousa v. Roque*, 578 F.3d 164, 174 (2d Cir. 2009) ("[S]peech on a purely private matter, such as an employee's dissatisfaction with the conditions of his employment, does not pertain to a matter of public concern.") (quoting *Lewis v. Cowen*, 165 F.3d 154, 164 (2d Cir. 1999)).

Plaintiff correctly argues that simply because a person was motivated by a personal grievance does not necessarily mean she was not also speaking on a matter of public concern. (Pl. Opp'n 8 (citing *Sousa*, 578 F.3d at 173).) While "a complaint of 'system-wide discrimination' can raise a public concern . . . where the complaint is 'personal in nature and generally related to [the employee's] own situation,' it is unprotected by the First Amendment." *Norton v. Breslin*, 565 F. App'x 31, 34 (2d Cir. 2014) (summary order) (affirming dismissal of § 1983 claim where plaintiff alleged First Amendment retaliation claim in response to complaints of racial discrimination and work place conditions); *see also Saulpaugh v. Monroe Cmty. Hosp.*,

5

4 F.3d 134, 143 (2d Cir. 1993) (observing that "[h]ad [plaintiff's] complaints to her supervisors implicated system-wide discrimination they would have unquestionably involved a matter of 'public concern'"); *Colvin v. State Univ. at Farmingdale*, No. 13-cv-3595, 2015 WL 2213297, at *4-5 (E.D.N.Y. May 8, 2015) (affirming on reconsideration court's finding that plaintiff's administrative complaints alleging age discrimination were not First Amendment protected speech); *O'Leary v. Town of Huntington*, No. 11-cv-3754, 2012 WL 3842567, at *10 (E.D.N.Y. Sept. 5, 2012) (granting motion to dismiss where plaintiff's "attempt[] to secure his employment with a reasonable accommodation" was "purely personal in nature").

Plaintiff has failed to allege facts that any alleged pattern of discrimination affected any employee other than herself. Without more, these allegations constitute nothing other than personal grievances. Indeed, the relief sought in the Prior Action, which included various forms of damages and injunctive relief, including the "clearing of her personnel file of any wrongful disciplinary actions," (Prior Am. Compl. "Wherefore" Cl.), was designed to "improve [Plaintiff's] treatment." *DeFilippo v. N.Y. State Unified Court. Sys.*, No. 00-cv-2109, 2006 WL 842400, at *15 (E.D.N.Y. Mar. 27, 2006) (granting defendants' motion for summary judgment in part because plaintiff's speech was "not on a matter of public concern"); *Pedrosa v. City of New York*, No. 13-cv-01890, 2014 WL 99997, at *12-13 (S.D.N.Y. Jan. 9, 2014) (dismissing First Amendment retaliation claim because plaintiff's complaints "concerned only [p]laintiff's own situation and did not hint at broader problems").

None of the allegations in the Amended Complaint concern protected speech made by the Plaintiff and it should be dismissed accordingly. Because Plaintiff has failed to allege the most basic element of a First Amendment retaliation claim, that she engaged in protected speech, the

Court declines to address the sufficiency of Plaintiff's allegations as to the remaining elements of this claim.

## II. *Monell* Liability

Defendant has argued that Plaintiff has failed to allege any theory of municipal liability, as required by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). (Defs.' Mot. 16-17, ECF No. 19.) Because Plaintiff has failed to allege a constitutional violation, there is no need for the Court to address whether Plaintiff properly named the School District as a defendant in this action. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (affirming grant of summary judgment and finding that "[b]ecause the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."); *Maco v. Baldwin Union Free Sch. Dist.*, No. 15-cv-3958, 2016 WL 4028274, at *6 (E.D.N.Y. July 26, 2016) (granting motion to dismiss municipal liability claims where there was no underlying constitutional violation).

## CONCLUSION

Based on the foregoing, Defendant's motion is granted in its entirety and Plaintiff's Amended Complaint is hereby dismissed. Plaintiff is hereby granted thirty days to file an amended complaint, under the same caption, consistent with the Court's determinations made herein.

Dated: Brooklyn, New York
      September 29, 2016    SO ORDERED:

                                                /s/LDH

                                        LaSHANN DeARCY HALL
                                        United States District Judge